32347. GUNBY, Ordinary, for use, v. ROBERTS.

DECIDED JUNE 22, 1949. REHEARING DENIED JULY 15, 1949.

*Smith, Kilpatrick, Cody, Rogers, & McClatchey, Sidney Haskins,* for plaintiff.
*William J. Wilkerson,* for defendant.

WORRILL, J. Eugene Gunby, as Ordinary of Fulton County, filed suit for the use of Marvene Bogle, a minor, against G. W. Roberts, the surety on the bond of G. A. Roberts as guardian of Marvene Bogle. It was alleged: that G. A. Roberts, the

guardian, had received money belonging to the ward in the sum of $667.66 "which it is alleged on information and belief has been wasted by the guardian for his own purposes contrary to law"; that he had failed to take action to collect two notes and enforce the payment of a judgment in the possession of the ward, and had failed to make returns required by law; that the guardian "is now beyond the jurisdiction of the court and that he is now residing in Miami, Florida; and that he has also placed himself in the position of a debtor liable to attachment, in that he is a non-resident of the State of Georgia; and that petitioner is therefore allowed to proceed against the surety without joining the said guardian as party defendant." The defendant answered, admitting the guardianship and the execution of the bond, but denying that there was any default. Upon the trial the defendant made an oral motion in the nature of a general demurrer to dismiss the petition. The court sustained this motion, and the exception here is to that ruling.

Code § 49-237 provides: "When any guardian shall remove from this State, or shall place himself in such situation as by the provisions of this Code an attachment would lie against a debtor, or if such guardian is dead and his estate unrepresented, any party in interest, or any person having demands against such guardian, in such representative character, may institute his suit against the sureties, or any one or more of them, upon the bond of such guardian in the first instance without first obtaining a judgment against such guardian in his representative character." The motion to dismiss in this case was predicated upon, and the trial judge's order showed that it was based upon, the theory that before a surety could be sued under this Code section it must appear that the guardian has been removed, or that the letters of guardianship have been revoked by a proper order of the court of ordinary.

We do not think that this is the intendment of the Code section under which the plaintiff seeks to proceed. The plain wording of the Code section cannot be ignored. It says that, "When any guardian shall remove from this State, . . any party in interest, . . may institute his suit against the sureties, . . upon the bond of such guardian in the first instance without first obtaining a judgment against such guardian in his representative

character." We think that the section means just what it says, and that the action against the surety may be maintained. The cases cited and relied on by the defendant in error as to the necessity to remove the guardian before the surety can be sued apply to resident guardians, and the Code section relied on by the plaintiff was designed to provide a remedy in just such a case as this.

In the case at bar the petition alleged facts sufficient to show a devastavit on the part of the guardian, and other facts placing the case within the provisions of Code § 49-237. Under such allegations, the trial court erred in dismissing the case on the motion in the nature of a general demurrer.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*